# LEWIS & LIN LLC

45 Main Street,  Suite 608<br>
Brooklyn, NY  11201-8200<br>
&gt;&gt;&gt;Tel:    (718) 243-9323<br>
&gt;&gt;&gt;Fax:   (718) 243-9326<br>
<br>
www.ilawco.com

November 18, 2014

**VIA ECF and Facsimile**
Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 1230
Brooklyn, NY 11201

*Navika Capital Group LLC, et al. v. Doe*
Civil Action No. 14-cv-5968-DLI-CLP

Dear Judge Pollak:

      I am counsel for Plaintiffs Navika Capital Group LLC and Naveen Shah ("Plaintiffs") in the referenced case and write further to my letter motion of October 17, 2014, which sought leave to conduct expedited discovery aimed at identifying the John Doe defendant ("Defendant") so that he may be served the Complaint.  Defendant's campaign of abuse, infringement and defamation has continued in spite of his demonstrated knowledge of this pending lawsuit, yet Plaintiffs currently have no recourse to identify the culprit.  Thus, Plaintiffs' request is now a matter of urgency.

      Plaintiffs brought this action for recovery of damages arising from the blatant acts of trademark infringement, unfair competition, defamation, trade disparagement and tortious interference by Defendant. As alleged in the Complaint, Defendant publishes and distributes a Google Blogspot website under plaintiffs' NAVIKA trademark (the "Infringing Blog") without plaintiffs' consent or authorization. Defendant has also commenced a systematic pattern of online harassment and defamation via the Infringing Blog and through his Google email address of "navikacapital5@gmail.com," all without revealing his identity. Google keeps its subscriber registration information private and will not disclose such information without a court-ordered subpoena.

      On or about November 15, 2014, after Plaintiffs filed this action and requested expedited discovery in the aforementioned letter, Defendant sent another defamatory email to what is believed to be hundreds of plaintiffs' investors and business partners concerning both Plaintiffs (a copy of which is enclosed).  In the same defamatory email, Defendant acknowledges the existence of this action and ostensibly laughs in the face of Plaintiffs and the Court by

maintaining his or her anonymity under his Gmail email address and the Infringing Blog. Arguably, alternative service via email pursuant to NY CPLR § 308(5) is also warranted, as Defendant is clearly aware of this action and the only obstacle to furthering this action is service of the initiating documents.

    Without leave to conduct expedited discovery, Plaintiffs have no way to serve Defendant or prevent Defendant from continuing his or her abusive, infringing, and defamatory activity. Defendant clearly has no intention of ceasing these activities until Plaintiffs' business and professional reputations are ruined. Accordingly, Plaintiffs ask the Court for leave to immediately subpoena Google regarding the ownership of email address of "navikacapital5@gmail.com" and the Infringing Blog and to follow up with other third parties as necessary to learn the identity and contact information for Defendant so that he or she may be served.

    Respectfully submitted,

David D. Lin

cc: Justin Mercer, Esq.